[605 NYS2d 399]

In the Matter of PETER M. NAPOLITANO (Admitted as PETER NAPOLITANO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 1993

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

*Louis J. Profera,* Merrick, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with seven allegations of professional misconduct. The Special Referee sustained all seven charges. The Grievance Committee moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

Charge One alleged that the respondent wrongfully and intentionally misappropriated, and converted to a use not intended by his client, nor as required by his obligations as fiduciary and as attorney, the sum of $5,000, which was entrusted to him as escrow agent in his representation of the seller in a real estate transaction. The contract required a $10,000 down payment and contained a 45-day mortgage contingency clause which allotted the purchaser 45 days from date of contract execution to obtain a mortgage, and called for a closing on July 31, 1989. Pursuant to the escrow agreement, the respondent was entrusted with a $10,000 down payment, which he deposited into his attorney trust account.

The respondent has testified under oath that the $10,000 deposited April 13, 1989 into his attorney trust account represented the real estate down payment. On April 19, 1989, the respondent closed the aforesaid trust account and transferred the $10,000 to a new attorney trust account. On or about June 20, 1989, the respondent declared default on the contract and stated by letter to the purchaser's counsel that the funds were held by him "in trust." However, on or about May 8, 1989, prior to declaring default, the respondent wrote a check from his new trust account, made payable to himself for $5,000. The respondent then deposited this check into his operating account on May 8, 1989. By doing so, the respondent improperly invaded the escrow fund and converted $5,000 of the $10,000 which the respondent was obligated to hold in his trust account. Counsel for the purchaser has testified under oath that the respondent had no authorization to release any monies from the trust account, and that he believed the money to have been in escrow at all relevant times.

By withdrawing $5,000 from his trust account prior to claiming a default, in contravention of his obligations as an attorney and fiduciary, and contrary to the terms of the escrow agreement, the respondent wrongfully converted funds to which he was not entitled, in direct violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]) and DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Charge Two alleged that the respondent wrongfully commingled funds belonging to the purchaser and the seller with his own funds by improperly depositing escrow funds into his personal account without authorization. Subsequent to declaring the real estate contract in default (Charge One), but prior to notifying the purchaser's counsel or receiving authorization to do so, the respondent, on or about August 11, 1989, wrote a check from his trust account, made payable to himself, in the amount of $1,000. On or about August 11, 1989, the respondent deposited the $1,000 check into his personal account.

By withdrawing funds from his trust account without authorization and depositing these funds into his personal account, the respondent wrongfully commingled client funds in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Three alleged that in connection with the real estate transaction referred to in Charges One and Two, the respondent made inaccurate entries into his escrow records which he knew or should have known were false and/or inaccurate. The respondent has submitted, in response to the lawful demands of the Grievance Committee, a ledger sheet reflecting his fiduciary activities in connection with the real estate transaction. The ledger sheet fails to reflect the $5,000 check the respondent wrote to himself which forms the basis of Charge One. Despite the fact that the respondent had previously converted $5,000 of the $10,000 escrow fund, the respondent's ledger sheet disingenuously indicates that five subsequent checks were drawn on the account in connection with this real estate transaction, which totalled $10,000. The respondent's ledger sheet indicates that the $1,000 check dated August 11, 1989, referred to in Charge Two, was deposited into his operating account, when, in fact, the check was deposited into his personal account.

By failing to include the May 8, 1989 check in his ledger and by making entries into his escrow records, which he knew or should have known were false and/or inaccurate, the respondent violated Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]) and DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

Charge Five alleged that the respondent gave false testimony under oath in connection with the Grievance Committee's lawful investigation of the respondent's conduct when he appeared at the Grievance Committee's office on October 29,

1990. The respondent stated that he continued to hold a particular client's funds, when, in fact, $14,400 of that client's money had been removed from the account.

By testifying falsely, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

Charge Six alleged that the respondent made inaccurate entries into his required escrow records. The respondent made entries into his ledger book relative to his client's funds which reflected that $14,400 was transferred to his operating account "with the authority of P.D." In fact, the $14,400 was transferred to accounts other than his operating account.

By making entries into his escrow account ledger book which he knew or should have known were inaccurate, the respondent violated Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]) and DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

Charge Seven of the petition originally alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the first six charges. However, at the hearing, this charge was amended by stipulation of the parties to reflect a failure to maintain required escrow records, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). In the stipulation the respondent freely and fully admitted that he failed to maintain the required escrow records relative to his escrow account in the real estate transaction referred to in Charges One, Two, and Three.

Upon a review of the evidence adduced we find that the Special Referee properly sustained Charges One, Two, Three, Five, Six, and Seven. We further find the evidence and the testimony of the witnesses with respect to Charge Four to be conflicting and insufficient to sustain the charge. The petitioner's motion to confirm is therefore granted to the extent that it seeks to confirm the report of the Special Referee with respect to Charges One, Two, Three, Five, Six, and Seven and is otherwise denied. The respondent's cross motion to disaffirm is granted solely with respect to Charge Four and is otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances advanced by the respondent and his lack of prior discipline. Under the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and RO-
SENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm is granted to
the extent that it seeks to confirm the Special Referee's report
with respect to Charges One, Two, Three, Five, Six, and Seven
and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm is
granted to the extent that it seeks to disaffirm the report of
the Special Referee with respect to Charge Four and is other-
wise denied; and it is further,

Ordered that the respondent, Peter M. Napolitano, is sus-
pended from the practice of law for a period of five years,
commencing January 27, 1994, and continuing until the fur-
ther order of this Court, with leave to the respondent to apply
for reinstatement no sooner than six months prior to the
expiration of the said period of five years upon furnishing
satisfactory proof (a) that during the said period he refrained
from practicing or attempting to practice law, (b) that he has
fully complied with this order and with the terms and provi-
sions of the written rules governing the conduct of disbarred,
suspended and resigned attorneys (22 NYCRR 691.10), and (c)
that he has otherwise properly conducted himself; and it is
further,

Ordered that pursuant to Judiciary Law § 90, during the
period of suspension and until the further order of this Court,
the respondent, Peter M. Napolitano, shall desist and refrain
(1) from practicing law in any form, either as principal or
agent, clerk or employee of another, (2) from appearing as an
attorney or counselor-at-law before any court, Judge, Justice,
board, commission or other public authority, (3) from giving to
another an opinion as to the law or its application or any
advice in relation thereto, and (4) from holding himself out in
any way as an attorney and counselor-at-law.