Matter of Napolitano (2017 NY Slip Op 09281)





Matter of Napolitano


2017 NY Slip Op 09281


Decided on December 29, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SYLVIA HINDS-RADIX, JJ.


2017-06875

[*1]In the Matter of Peter M. Napolitano, admitted as Peter Napolitano, an attorney and counselor-at-law. (Attorney Registration No. 1726223)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 6, 1981, under the name Peter Napolitano. By order to show cause dated July 21, 2017, this Court directed the respondent to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by a judgment of the Supreme Court of Tennessee filed May 24, 2017, as set forth in an opinion of the same court also filed May 24, 2017.



Catherine A. Sheridan, Hauppauge, NY (Robert H. Cabble of counsel), for Grievance Committee for the Tenth Judicial District.
Peter M. Napolitano, Clarksville, TN, respondent pro se.



PER CURIAM.


OPINION & ORDER
By judgment filed May 24, 2017, the Supreme Court of Tennessee, as set forth in an opinion filed May 24, 2017, inter alia, suspended the respondent's law license in that state for five years, probated after a period of one year on certain conditions.
The respondent was admitted to the Tennessee Bar in 2002, and was previously reprimanded in Tennessee for an overdraft in his attorney trust account.
The underlying facts, briefly summarized, as revealed in the opinion of the Supreme Court of Tennessee, are as follows:
The respondent's client hired him in 2005 to represent her in an employment claim against the Department of the Army. In September 2007, the parties settled the action for $75,000, and this sum was deposited into the respondent's attorney trust account on October 16, 2007. The parties entered into an agreement whereby the respondent agreed to remit the sum of $40,000 to the client and retain the sum of $35,000 in full satisfaction of his remaining fees and expenses. Shortly afterwards, the respondent realized that he miscalculated his expenses by approximately $1,800, and asked the client to modify the agreement and accept less than $40,000. The client refused, whereby the respondent refused to remit any funds to the client.
Following unsuccessful efforts by the client to rescind the settlement, the client filed a complaint (hereinafter the first complaint) with the Tennessee Board of Professional Responsibility (hereinafter the Board). The first complaint ultimately was dismissed and the dismissal was upheld on appeal in November 2010. In March 2011, the client filed a lawsuit against the respondent to recover the money allegedly owed her (hereinafter the fee action). The client's new attorney deposed the respondent on September 26, 2012. During the deposition, the respondent admitted that none of the settlement proceeds remained in his account. The client's new attorney filed a second complaint with the Board in November 2012.
Following an investigation, the Board filed a petition for discipline in November [*2]2013.
In August 2014, prior to the hearing on the petition, the client and the respondent entered into a settlement agreement with regard to the fee action. Pursuant to the settlement agreement, the respondent agreed to pay the client the sum of $18,500 on or before August 12, 2014, followed by 10 periodic payments of $750 each.
A hearing was held before a panel of the Board, at which it was established that the respondent had falsely stated at his deposition that he had not been the subject of a disciplinary complaint in New York, since he had, indeed, previously been suspended for five years in New York. It was also established that he had falsely stated that he never filed for bankruptcy protection, since he had filed for personal bankruptcy in 1993 and again in 2003. Further, it was established that the respondent had falsely stated that no liens had ever been filed against him, since the Internal Revenue Service had filed liens against two parcels of real estate that the respondent owned in Montgomery County, Tennessee.
With regard to the litigation proceeds which were in dispute, it was established that the respondent not only failed to keep those funds separate, but starting in March 2009, his attorney trust account balance fell below the sum of $22,424.17, an amount admittedly belonging to the client. By February 2012, the balance reached a negative figure. The hearing panel thus found that the respondent's statements made to the Board that he was maintaining the disputed funds in his trust account were patently false.
The hearing panel concluded in a decision that the respondent misappropriated his client's money, thus violating the Tennessee Rules of Professional Conduct (Tenn. Sup. Ct. R. 8) with regard to maintaining client funds in his attorney trust account. The hearing panel further concluded that the respondent had testified falsely on three occasions. Taking into consideration both mitigating and aggravating factors, the hearing panel suspended the respondent's law license for five years, probated after one year conditioned upon his payment of the remaining $7,500 owing to the client and restitution to the Board for its costs of the proceeding. The hearing panel also directed that the respondent should never have control of his attorney trust account, and required that the attorney trust account be managed and controlled by a certified public accountant or other qualified person who is not employed by the respondent. Lastly, the hearing panel directed that the respondent perform 100 hours of public service for each year of suspension that is probated.
The respondent appealed the decision of the hearing panel to the Montgomery County Circuit Court. The respondent conceded that he had violated rule 1.15 of the Tennessee Rules of Professional Conduct (Tenn. Sup. Ct. R. 8, RPC 1.5) in his handling of the litigation proceeds in his trust account, but, nonetheless, raised various arguments (e.g., the res judicata effect of the dismissal of the first complaint as to the relevant facts, and the severity of the sanction). In a Memorandum and Order in March 2016, the Circuit Court reversed that portion of the decision of the hearing panel that directed that the respondent should never have control over his attorney trust account on the basis that the hearing panel exceeded its jurisdiction, and otherwise affirmed the decision of the hearing panel.
The respondent and the Board each appealed the Memorandum and Order to the Supreme Court of Tennessee (hereinafter the Supreme Court). In an opinion filed May 24, 2017, the Supreme Court agreed with the Circuit Court's reversal of that portion of the hearing panel's decision that the respondent should never have control over his attorney trust account. However, the Supreme Court found that the Circuit Court should have imposed a practice monitor requirement in the event that the respondent is successful in having his law license reinstated after serving his first
year of suspension.
Accordingly, the Supreme Court directed that the respondent's law license be suspended for a period of five years, probated after a period of one year, conditioned upon his payment of $7,500 restitution to the client and the payment to the Board for all its costs in the proceeding. It further directed that for each year of suspension that is probated, the respondent shall perform 100 hours of public service work, and shall be required to have a practice monitor, who shall supervise the respondent's compliance with trust account rules and accounting procedures (see Tenn. Sup. Ct. R .9, § 12.9.
Judgment was filed on May 24, 2017, consistent with the Supreme Court's opinion. In response to the order to show cause, the respondent has submitted an affidavit, wherein he states that he cannot assert any of the defenses enumerated under 22 NYCRR 1240.13(b). He asks that the Court take into consideration the fact that after the first complaint was dismissed in 2010, he "paid the client the amount the Board of Professional Responsibility determined was appropriate which the client refused." This matter, the respondent claims, lasted 10 years and took a toll on him physically, emotionally, and financially. He further states that he has complied with [*3]all terms of the Supreme Court order "with the exception of payments required as a precondition to application for reinstatement after completion of the active one year part of [his suspension]." In addition, the respondent asks that any reciprocal discipline imposed by this Court be made retroactive to May 24, 2017, the effective date of the Tennessee suspension.
The respondent was previously disciplined by this Court. By opinion and order of this Court dated December 27, 1993 (Matter of Napolitano, 194 AD2d 166), in a prior disciplinary proceeding, the respondent was suspended from the practice of law for five years, based on findings that he intentionally misappropriated a real estate down payment, committed other escrow violations, and gave false testimony under oath. By decision and order on application dated January 15, 2002, this Court reinstated the respondent to the practice of law in New York.
Based on the foregoing, we find that reciprocal discipline is warranted. In view of the fact that the suspension of the respondent's law license in Tennessee may be as long as five years or as short as one year, depending on the respondent's compliance with various conditions, we conclude that the appropriate sanction is a one-year suspension from the practice of law, effective immediately, and that any future application for reinstatement is conditioned upon submission of proof by the respondent that he has been reinstated to the Bar in Tennessee. The latter condition will assure that the respondent's suspension is commensurate with his suspension in Tennessee.
ENG, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Peter M. Napolitano, admitted as Peter Napolitano, is suspended from the practice of law for one year, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 28, 2018. In such application (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of former 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Peter M. Napolitano, admitted as Peter Napolitano, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Peter M. Napolitano, admitted as Peter Napolitano, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Peter M. Napolitano, admitted as Peter Napolitano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that any application for reinstatement is conditioned upon the submission of proof that the respondent has been reinstated to the Tennessee Bar.
ENTER:
Aprilanne Agostino
Clerk of the Court